**Law Offices of Stephen Abraham**
Stephen E. Abraham, Esq. (State Bar No. 172054)
stephen@abraham-lawoffices.com
1592 Pegasus Street
Newport Beach, California 92660
Telephone: (949) 878-8608
Facsimile: (714) 852-3366

Attorney for Defendants Danny B. Luong; Diana Wong

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson**, <br><br> Plaintiff, <br><br> v. <br><br> **Danny B. Luong**, in individual and representative capacity as trustee of The Luong/Wong Family Revocable Trust Of August 21, 1999; **Diana Wong**, in individual and representative capacity as trustee of The Luong/Wong Family Revocable Trust Of August 21, 1999; and Does 1-10, <br><br> *Defendants*. | Case No. 4:20-cv-00121-YGR <br><br> **POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO (A) DISMISS FEDERAL CLAIM PURSUANT TO FRCP 12(b)(1); AND (B) TO DISMISS STATE CLAIMS PURSUANT TO FRCP 12(b)(1), 12(h)(3), and 28 USC §1367(c)** <br><br> Honorable Yvonne Gonzalez Rogers <br> Oakland Courthouse <br> Courtroom 1 – 4th Floor <br> 1301 Clay Street <br> Oakland, CA 94612 <br><br> Date: Tuesday, March 31, 2020 <br> Time: 2:00 p.m. |

To Plaintiff and his attorneys of record:

Defendants Danny B. Luong and Diana Wong ("**Defendants**") herewith submits their points and authorities in support of their motion to dismiss Plaintiff's federal claim pursuant to Federal Rule of Civil Procedure ("**FRCP**") 12(b)(1) on the grounds that the Court lacks subject matter jurisdiction; and dismissing Plaintiff's state claim pursuant to FRCP 12(b)(1), 12(h)(3), and 28 USC §1367(c).

# TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY ................................................................... 1

II. LEGAL FRAMEWORK FOR THIS MOTION TO DISMISS ..................... 2
    1.    Motion to Dismiss Under 12(b)(1) ................................................................ 2
    2.    Supplemental Jurisdiction Under 29 U.S.C. §1367 ............................... 4

III. RELEVANT FACTS ............................................................................................. 4
    1.    Summary of Proceedings and Claims ....................................................... 4
        A.    Summary of Proceedings and Relevant Claims ......................... 4
    2.    Portions of the Property Targeted by the Complaint Comply with ADA Requirements ............................................................... 5
    3.    Plaintiff's Knowledge of the Actual Conditions of the Property and Summary of Unsuccessful Efforts to Meet and Confer .............................................................................................................. 5

IV. DISCUSSION .......................................................................................................... 5
    1.    The Federal ADA Claim is Moot and Cannot Serve as a Basis for Federal Jurisdiction ........................................................................ 5
        A.    Federal Courts Only Hear Actual Cases or Controversies .................................................................................................. 5
        B.    Plaintiffs Cannot Establish Standing Under Federal Law ........................................................................................................................ 6
        C.    There is no Longer any Basis for Relief under the ADA .......................................................................................................................... 7
    2.    This Court Should Decline to Exercise Supplemental Jurisdiction Over the Remaining State Claims ..................................... 9
        A.    Long-Standing Principles of Jurisprudence Warrant Declining to Exercise Supplemental Jurisdiction in this Case ........................................................................................................ 9
        B.    State Claims that Predominate the Litigation Warrant Declining to Exercise Supplemental Jurisdiction in this Case ...................................................................................................... 11
        C.    State Court Provides a More Efficient Forum for Plaintiff's State Law Claims ................................................................ 12

V. CONCLUSION ...................................................................................................... 12

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

# TABLE OF AUTHORITIES

### FEDERAL CASES

*B.C. by and through Powers v. Plumas Unified School District*,
    192 F.3d 1260, 1264 (C.A. 9th 1999) ....................................................... 3, 6

*Carnegie–Mellon Univ. v. Cohill*,
    484 U.S. 343 (1988) ........................................................................................ 10

*Chandler v. State Farm Mut. Auto Ins. Co.*,
    598 F.3d 1115 (9th Cir. 2010) ........................................................................ 2

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
    631 F.3d 939 (9th Cir. 2011) .......................................................................... 7

*City of Chicago v. Int'l College of Surgeons*,
    522 U.S. 156 (1997) .............................................................................. 4, 9, 10

*City of Los Angeles v. Lyons*,
    461 U.S. 95 (1983) ..................................................................................... 7, 8

*County of Los Angeles v. Davis*,
    44 U.S. 625 (1979) ........................................................................................... 6

*Dufresne v. Veneman*,
    114 F.3d 952 (9th Cir. 1997) .......................................................................... 8

*Earll v. eBay, Inc.*,
    5:11-cv-00262, 2011 WL 3955485 (N.D. Cal. Sept. 7, 2011) ..................... 12

*Executive Software N. Am., Inc. v. United States Court for Central District of Cal.*,
    24 F.3d 1545 (9th Cir. 1994) ........................................................................ 10

*Feezor v. Sears, Roebuck & Co.*,
    No. CIV. S-10-0908 KJM, 2012 WL 4510950 (E.D. Cal. Sept. 30, 2012), aff'd, 608 F. App'x 476 (9th Cir. 2015) ......................................................... 7

*Flast v. Cohen*,
    392 U.S. 83 (1968) ........................................................................................... 6

*Gingerich v. White Pigeon Community Schs.*,
    736 F.Supp. 147 (W.D.Mich.1990) ............................................................. 10

*Grupo Dataflux v. Atlas Global Group, L.P.*,
    541 U.S. 567 (2004) ......................................................................................... 2

*Harris v. Del Taco, Inc.*,
    396 F. Supp. 2d 1107 (C.D. Cal. 2005) ......................................................... 7

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO D's 12b                                ii
P&A ISO DEFENDANTS' NOTICE OF MOTION TO DISMISS

*Independent Living Resources v. Oregon Arena Corp.*,
    982 F.Supp. 698 (1997)......................................................................................8

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    114 S. Ct. 1673 (1994) ......................................................................................2

*Lentini v. Cal. Ctr. for the Arts, Escondido*,
    370 F.3d 837 (9th Cir. 2004)............................................................................12

*Lewis v. Continental Bank Corp.*,
    494 U.S. 472 (1990) ..........................................................................................6

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ......................................................................................2, 6

*Mangual v. Rotger-Sabat*,
    317 F.3d 45 (1st Cir. 2003) ...............................................................................6

*Maya v. Centex Corp.*,
    658 F.3d 1060 (9th Cir. 2011) ..........................................................................2

*Moeller v. Taco Bell Corp.*,
    No. C02-05849, 2007 WL 2301778 (N.D. Cal.
    Aug. 8, 2007)...................................................................................................11

*Moreno v. G&M Oil Co.*,
    88 F.Supp.2d 1116 (C.D. Cal. 2000)................................................................9

*Munson v. Del Taco, Inc.*,
    46 Cal. 4th 661 (2009)....................................................................................12

*O'Shea v. Littleton*,
    414 U.S. 488 (1974) ..........................................................................................8

*Org. for Advancement of Minorities with Disabilities v.
    Brick Oven Rest.*,
    406 F. Supp. 2d 1120 (S.D. Cal .2005). .........................................................11

*Pickern v. Best Western Cove Lodge Marina Resort*,
    194 F.Supp.2d 1128 (E.D. Cal. 2002)..........................................................8, 9

*Rogers v. Irvine Co. LLC*,
    No. SA CV 13-0638-DOC(ANx), 2014 WL
    2865699 (C.D. Cal June 24, 2014).................................................................11

*Safe Air for Everyone v. Meyer*,
    373 F.3d 1035 (9th Cir. 2004)...........................................................................3

*San Pedro Hotel Co., Inc. v. City of L.A.*,
    159 F.3d 470 (9th Cir. 1998)...........................................................................10

*Savage v. Glendale Union High Sch.*,
    343 F.3d 1036 (9th Cir. 2003)...........................................................................3

*St. Clair v. City of Chico*,
    880 F.2d 199 (9th Cir. 1989)............................................................................3

Stephen E. Abraham
—— LAW OFFICES ——
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO D's 12b                                    iii
P&A ISO DEFENDANTS' NOTICE OF MOTION TO DISMISS

*Steir v. Girl Scouts of the USA*,
    383 F.3d 7 (1st Cir. 2004) ................................................................................6

*Stock West, Inc. v. Confederated Tribes*,
    873 F.2d 1221 (9th Cir. 1989) ..........................................................................2

*Thornhill Publishing Co. v. General Tel & Elect.*,
    594 F.2d 730 (9th Cir. 1979) ............................................................................3

*United Mine Workers v. Gibbs*,
    383 U.S. 715 (1966) ..................................................................................10, 12

*Wander v. Kaus*,
    304 F.3d 856 (9th Cir. 2002) ..............................................................7, 9, 12

### FEDERAL STATUTES

28 U.S.C. §1332 ....................................................................................................9

28 U.S.C. §1367 ................................................................................................4, 9

42 U.S.C. § 12188 ................................................................................................7

### FEDERAL RULES

FED.R.CIV.P. 12 ................................................................................................2, 3

### OTHER FEDERAL AUTHORITIES

California Practice Guide, Federal Civil Procedure
    Before Trial, §9:77.10 .....................................................................................2

### STATE STATUTES

CAL. CIV. CODE §52 ..........................................................................................12

CAL. CIVIL CODE §52.2 ....................................................................................12

CAL. CODE CIV. PROC. §1033 ..........................................................................12

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO D's 12b                     iv
P&A ISO DEFENDANTS' NOTICE OF MOTION TO DISMISS

# I.

# INTRODUCTION AND SUMMARY

On January 6, 2020, Plaintiff Scott Johnson ("**Johnson**" or "**Plaintiff**"), through his attorneys of record, filed his complaint alleging violations of the Americans with Disabilities Act ("**ADA**") and related state claims. The claims were based literally on two "drive-bys" in May 2019 and June 2019 coupled with the vague claim "*on information and belief*" that Defendants did not provide accessible parking. (Doc. 1 (complaint) at ¶¶8, 11-15).

Of course, Plaintiff's claims do not come close to meeting his requirement to specifically plead architectural barriers related to his disability.



The core of Defendants' motion to dismiss is that there are no barriers relating to his alleged disability as (vaguely) described in the complaint.

Plaintiff's attorneys were made aware of as much but have chosen to maintain their lawsuit, presumably (a) hoping they can find some other "barrier" of which Johnson is unaware to perpetuate the litigation; and (b) hoping Defendants will just throw settlement money at Plaintiff and his attorneys to go away.

Plaintiff and his counsel know the federal claim is moot There is no federal controversy and no grounds for adjudicating Plaintiff's state claims.

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA 92660
(949) 878-8608

02 - P&A ISO D's 12b    1
P&A ISO DEFENDANTS' NOTICE OF MOTION TO DISMISS

# II.

# LEGAL FRAMEWORK FOR THIS MOTION TO DISMISS

1. **MOTION TO DISMISS UNDER 12(B)(1)**

Under Rule 12 of the Federal Rules of Civil Procedure, a party may move to dismiss a claim based on the court's lack of subject matter jurisdiction. See FED.R.CIV.P. 12(b)(1); *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004).

Because plaintiff bears the burden of establishing subject matter jurisdiction (see *Kokkonen v. Guardian Life Ins. Co. of Am.*, 114 S. Ct. 1673, 1675 (1994), no presumption of truthfulness attaches to the allegations of plaintiff's complaint and the Court must presume it lacks jurisdiction until plaintiff establishes jurisdiction. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). "Article III of the Constitution confines the federal courts to adjudication of actual 'Cases' and 'Controversies.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 590 (1992). "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Id.* at 560 (citation omitted). Consequently, a case that lacks Article III standing must be dismissed for lack of subject matter jurisdiction. See *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

Because standing is essential for a federal court to have subject matter jurisdiction, the issue of standing is properly raised in a 12(b)(1) motion to dismiss. *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) (citations omitted).

Even at the initial pleading stage, plaintiffs bear the burden of establishing the court's subject matter jurisdiction. California Practice Guide, Federal Civil Procedure Before Trial, §9:77.10. The Ninth Circuit has held: "federal courts are

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO D's 12b                           2
P&A ISO DEFENDANTS' NOTICE OF MOTION TO DISMISS

required, sua sponte, to examine jurisdictional issues." *B.C. by and through Powers v. Plumas Unified School District*, 192 F.3d 1260, 1264 (C.A. 9th 1999).

"A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Publishing Co. v. General Tel & Elect.*, 594 F.2d 730, 733 (9th Cir. 1979); see also FED.R.CIV.P. 12(b)(1).

"Unlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in doing so rely on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) (emphasis added). Thus, the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *Id.*

Defendants' motion presents a factual challenge to subject matter jurisdiction. In a factual attack, the challenger provides evidence that an alleged fact in the complaint is false, thereby resulting in a lack of subject matter jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Therefore, under a factual attack, the allegations in the complaint are not presumed to be true and "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). *Thornhill*, 594 F.2d at 733.

"Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003).

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO D's 12b     3
P&A ISO DEFENDANTS' NOTICE OF MOTION TO DISMISS

2.  **SUPPLEMENTAL JURISDICTION UNDER 29 U.S.C. §1367**

Section 1367(c)(4) allows a district court to use its discretion to decline to exercise supplemental jurisdiction if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 29 U.S.C. §1367(c)(4). "[P]endant jurisdiction is a doctrine of discretion, not of plaintiff's right." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997). Subject matter jurisdiction over Plaintiff's state law claims rests upon supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

### III.
### RELEVANT FACTS

1.  **SUMMARY OF PROCEEDINGS AND CLAIMS**

    A.  **Summary of Proceedings and Relevant Claims**

Plaintiff alleges he "went to the property to visit ABC Printing in May 2019 and June 2019." (Doc. 1, ¶8) He was apparently so concerned about access that he waited 8 months from the first "visit" during which time, without giving any notice (Luong Decl., ¶4), he visited – drove by – again, presumably to run up the "value" of his state-law claim.

On January 6, 2020, Plaintiff filed his complaint alleging violations of the ADA and related state claims based on the two alleged visits. The claims were based on one single vaguely described architectural barrier – a non-compliant accessible parking space.

> 11. On information and belief the defendants currently fail to provide accessible parking.
> 12. These barriers relate to and impact the plaintiff's disability. Plaintiff personally encountered these barriers.
> 13. By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access.
> 14. The lack of accessible facilities created difficulty and discomfort for the Plaintiff.
> 15. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

(Doc. 1 (complaint) at ¶¶11-15).

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA 92660
(949) 878-8608

02 - P&A ISO D's 12b         4
P&A ISO DEFENDANTS' NOTICE OF MOTION TO DISMISS

## 2. PORTIONS OF THE PROPERTY TARGETED BY THE COMPLAINT COMPLY WITH ADA REQUIREMENTS

The complaint targets one specific location of the property – the parking lot in which a van accessible parking space in the parking lot.

Prior to February 2020, there was signage indicating the presence of a van accessible space, a level space and access aisle, and a beautifully poured path of travel. The paint had faded over a great number of years but was nevertheless sufficiently present to demonstrate the spaces' presence.

On January 20, 2020, the parking was inspected. (Lobnow Decl., ¶4; Exh 1).

In late January 2020, the van accessible space and access aisle were restriped. The signage was also replaced. (Luong Decl., ¶5; Exh. 2). The accessible space and access aisle are 18 feet long, and each 9 feet wide, meeting or exceeding federal requirements. (Luong Decl., ¶6; Exh. 2) No other portions of the property are the subject of any claims by Plaintiff.

## 3. PLAINTIFF'S KNOWLEDGE OF THE ACTUAL CONDITIONS OF THE PROPERTY AND SUMMARY OF UNSUCCESSFUL EFFORTS TO MEET AND CONFER

On February 4, 2020, in the course of meeting and conferring regarding the claims against Defendants, Defendants' counsel sent to Plaintiff's counsel excerpts of the Lobnow inspection report as well as photographs showing the restriping with dimensions. (Abraham Decl., ¶3; Exh. 3) Plaintiff's counsel stated she would respond upon review (Abraham Decl., ¶4) but has not done so, thereby necessitating the filing of this motion. (Abraham Decl., ¶5)

## IV.
## DISCUSSION

### 1. THE FEDERAL ADA CLAIM IS MOOT AND CANNOT SERVE AS A BASIS FOR FEDERAL JURISDICTION

#### A. Federal Courts Only Hear Actual Cases or Controversies

Under Article II of the United States Constitution, federal courts may only

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO D's 12b     5
P&A ISO DEFENDANTS' NOTICE OF MOTION TO DISMISS

adjudicate actual cases or controversies, where true adversarial interests give rise to a clear and concrete conflict. *Flast v. Cohen*, 392 U.S. 83, 96-97 (1968).

This issue is one of standing and mootness. Standing, in the jurisdictional sense is based on the facts as they exist at the time the complaint is filed. *Mangual v. Rotger-Sabat*, 317 F.3d 45, 58 (1st Cir. 2003). However, a plaintiff's stake is not frozen at the moment the lawsuit is filed. As part of the actual case or controversy requirement, he must maintain a personal interest in the outcome throughout the litigation (15 MOORE'S FEDERAL PRACTICE § 102.32 (Matthew Bender 3rd ed.)), or the controversy becomes moot and nonjusticiable despite the court's retention of subject matter jurisdiction. *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 18 (1st Cir. 2004); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990) (holding that parties must maintain a personal stake in the litigation throughout trial and appeal). Courts are required to examine *sua sponte* jurisdictional issues such as standing. See *BC by & Through Powers*, *supra*, 192 F.3d at 1264.

In order to establish and maintain standing to bring suit, a plaintiff bears the burden of showing: (1) injury-in-fact, or the invasion of a legally protected interest, that is both (a) concrete and particularized and (b) actual or imminent; (2) causal connection between the injury and the conduct complained of; and (3) <u>likelihood that a favorable decision will redress the wrong</u>. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To demonstrate that a case is moot, the Defendants must show that the issues involved are no longer "live" or that the parties lack a legally cognizable interest in the outcome. *County of Los Angeles v. Davis*, 44 U.S. 625, 631 (1979). As discussed below, there is no "live" interest supporting retention of federal jurisdiction.

**B.     Plaintiffs Cannot Establish Standing Under Federal Law**

Where an ADA plaintiff seeks to establish standing to sue for injunctive relief by the first method-showing an injury-in-fact plus an intent to return-the plaintiff must demonstrate "a real and immediate threat of repeated injury." *Chapman v.*

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO D's 12b         6
P&A ISO DEFENDANTS' NOTICE OF MOTION TO DISMISS

*Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 948 (9th Cir. 2011) "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." *Harris v. Del Taco, Inc.*, 396 F.Supp.2d 1107, 1113 (C.D. Cal. 2005) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). "In determining whether a plaintiff's likelihood of returning to a defendant is sufficient to confer standing, courts have examined factors such as (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiffs past patronage of Defendants' business, (3) the definitiveness of plaintiffs plans to return, and (4) the plaintiffs frequency of travel near defendant." *Feezor v. Sears, Roebuck & Co.*, No. CIV. S-10-0908 KJM, 2012 WL 4510950, at *4 (E.D. Cal. Sept. 30, 2012) aff'd, 608 F. App'x 476 (9th Cir. 2015) (internal quotation marks and citations omitted).

Here, the record weighs heavily against finding standing because the only conditions alleged in the amended complaint – the sole grounds for invoking of this Court's jurisdiction – do not exist.

### C. There is no Longer any Basis for Relief under the ADA

#### 1. There must be a *Continuing* Right to Injunctive Relief

Under the ADA, a plaintiff must establish standing sufficient to seek injunctive relief. See 42 U.S.C. § 12188(a) (stating that the available remedies are those set forth in section 2000a-3(a), that *only* provides for injunctive relief to private parties). See also *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). A plaintiff is only entitled to injunctive relief under the ADA if he is "*being* subjected to discrimination on the basis of disability ... or ... has reasonable grounds for believing [he] is *about to be* subjected to discrimination." *Id.* at (a)(1) (emphasis added). The relevant issues here are (1) whether Plaintiff has reasonable grounds for current deterrence, and (2) whether Plaintiff remains currently deterred, from returning to Defendants' premises.

Plaintiff's federal claim falls short for two reasons: (1) Plaintiff lacks "rea-

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO D's 12b    7
P&A ISO DEFENDANTS' NOTICE OF MOTION TO DISMISS

sonable grounds" for being deterred from Defendants' plaza based on the conditions of the plaza because those prior conditions do not exist (if they indeed ever did); and (2) Plaintiff cannot show that he still intends to return to Defendants' plaza and is *currently* deterred from doing so.

When a plaintiff seeks injunctive relief in anticipation of future injury, the Supreme Court has held that exposure to past illegal conduct does not give rise to an actual or imminent injury unless there are "*continuing, present adverse effects*" and a plaintiff shows that "*there is a real and immediate threat of repeated injury.*" *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (emphasis added), quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-6 (1974). In this case, Plaintiff's complaint alleges injury in the form of deterrence and seeks injunctive relief to remedy the same. Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects. *O'Shea*, 414 U.S. at 495-496.

The facts in support of this motion demonstrate that the cause of the injury is gone and not likely to return or reoccur. The parking lot, including parking spaces and access aisle, is compliant. Ramps and curb cuts are compliant. Accordingly, there is no need for this court to issue any injunctive relief – certainly not as relates to these Defendants – as there is no *reasonable* possibility that Plaintiff will be the subject of discrimination as alleged.

### 2. Plaintiff Cannot Claim Deterrence Based on Nonexistent Conditions

Once injunctive relief claims are resolved, the federal claims are moot. *Independent Living Resources v. Oregon Arena Corp.*, 982 F.Supp. 698, 771 (1997); *Dufresne v. Veneman*, 114 F.3d 952, 953-954 (9th Cir. 1997); *Pickern v. Best Western Cove Lodge Marina Resort*, 194 F.Supp.2d 1128, 1130 (E.D. Cal. 2002). There are no reasonable grounds for fear by Plaintiff that there are or will be any barriers proscribed under the ADA – if there ever were.

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA 92660
(949) 878-8608

02 - P&A ISO D's 12b    8
P&A ISO DEFENDANTS' NOTICE OF MOTION TO DISMISS

Standing based on deterrence requires not only a showing of "discriminatory conditions" but also that a "plaintiff is aware of [the conditions] and *remains deterred*." *Pickern*, 293 F.3d at 1137 (emphasis added); *see also Moreno v. G&M Oil Co.*, 88 F.Supp.2d 1116 (C.D. Cal. 2000).

There is no case or controversy here where the entirety of the claim assumes that a condition that does not exist.

## 2. THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE REMAINING STATE CLAIMS

### A. Long-Standing Principles of Jurisprudence Warrant Declining to Exercise Supplemental Jurisdiction in this Case

Section 1367(c)(4) allows a district court to use its discretion to decline to exercise supplemental jurisdiction if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 29 U.S.C. §1367(c)(4). "[P]endant jurisdiction is a doctrine of discretion, not of plaintiff's right." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997). Subject matter jurisdiction over Plaintiff's state law claims rests upon supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

There are compelling reasons for declining to exercise supplemental jurisdiction over these state law claims, which seek remedies that Congress clearly intended to preclude under the ADA. The fact that an ADA violation may serve as an element of state law claim does not automatically confer federal question jurisdiction. *Pickern*, *supra*, 194 F.Supp.2d at 1131. "Unlike the California Disabled Persons Act and the Unruh Civil Rights Act, both of which provide damages for violations, the only remedy available to a private plaintiff under the ADA is injunctive relief." 42 U.S.C. §12188(a)(2). *Id.* Plaintiff's remaining claims do not present a federal question. *See Wander v. Kaus*, 304 F.3d 856, 859-60 (9th Cir. 2002) (ADA-based state law claims seeking damages do not give rise to federal question jurisdiction). Nor is there a claim of diversity jurisdiction with attendant minimum amount in controversy. *See* 28 U.S.C. §1332. Where the only federal claim-based

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO D's 12b                9
P&A ISO DEFENDANTS' NOTICE OF MOTION TO DISMISS

cause of action is moot and should be dismissed, comity and fairness strongly favor dismissal of the remaining state law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 727 (1966) ("[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them the surer-footed reading of the law.")

The Court may consider whether declining to exercise jurisdiction serves the principles of economy, convenience, fairness and comity. *City of Chicago*, *supra*, 522 U.S. at 172-3 (1997). The principle of comity strongly favors dismissing the state law claims. See *Executive Software N. Am., Inc. v. United States Court for Central District of Cal.*, 24 F.3d 1545, 1553 (9th Cir. 1994) ("When novel issues of state law are presented, though, considerations of judicial economy are not determinative.") (quoting *Gingerich v. White Pigeon Community Schs.*, 736 F.Supp. 147, 149-51 (W.D.Mich.1990)).

In deciding whether to exercise supplemental jurisdiction, a court must consider the underlying objective of "most sensibly accommodating the values of economy, convenience, fairness, and comity." *Exec. Software*, *supra*, 24 F.3d at 1557 (internal quotations omitted). A district court need not "articulate why the circumstances of [the] case are exceptional" to dismiss state-law claims pursuant to 28 U.S.C. section 1367(c)(1)-(3). *San Pedro Hotel Co., Inc. v. City of L.A.*, 159 F.3d 470, 478-79 (9th Cir. 1998) (quoting *Exec. Software*, 24 F.3d at 1557).

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). As one court observed:

> State court is no less convenient than the instant forum, and it certainly not unduly burdensome or unfair to dismiss a case that, while advanced in stage, has required almost no actual litigation. Comity weighs strongly in favor of dismissal, given the fact that only state law claims remain, and these issues potentially raise important ques-

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO D's 12b    10
P&A ISO DEFENDANTS' NOTICE OF MOTION TO DISMISS

tions of California law. See *Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1130 (S.D. Cal .2005). *Rogers v. Irvine Co. LLC*, No. SA CV 13-0638-DOC(ANx), 2014 WL 2865699, at *2 (C.D. Cal June 24, 2014)

The case is in the early stages. No discovery has been propounded. No depositions have yet been taken. Trial is not even scheduled. Plaintiff can hardly claim that he is deeply invested in litigating in this forum.

"This is thus not a situation in which significant resources were expended in federal court and dismissal would require a new judge to develop familiarity with a complex factual situation." *Rogers* at *2. This is not a situation where familiarity with complex factual situations has already been developed. There can be no showing of extraordinary circumstances to justify retaining jurisdiction over the state law claims. Accordingly, this Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the remaining state law claims.

### B. State Claims that Predominate the Litigation Warrant Declining to Exercise Supplemental Jurisdiction in this Case

Plaintiff's state-law claims substantially predominate over Plaintiff's ADA claim. Firstly, California has its own set of public accommodation accessibility standards that can provide the basis for liability for disability discrimination in addition to ADA standards. See *Moeller v. Taco Bell Corp.*, No. C02-05849, 2007 WL 2301778, at *6 (N.D. Cal. Aug. 8, 2007) ("A violation of a California Standard constitutes a violation of both the CDPA and the Unruh Act.").

Secondly, Plaintiff's timing strongly suggests that he had little interest in removing barriers – giving no notice of his concerns at any time prior to filing the complaint. Rather, the only interest demonstrated by Plaintiff's filing the amended complaint was to pursue monetary claims and fees, matters best left to state court.

Thirdly, Plaintiff alleges intentional disability discrimination (Complaint, ¶37) ("obvious and blatant nature of the barriers"), a claim unnecessary to his ADA claim. *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 846 (9th

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO D's 12b     11
P&A ISO DEFENDANTS' NOTICE OF MOTION TO DISMISS

Cir. 2004); see *Earll v. eBay, Inc.*, 5:11-cv-00262, 2011 WL 3955485, at *3 (N.D. Cal. Sept. 7, 2011) (quoting *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 668 (2009)). Determination of intentional discrimination entails application of state-law standards. See *id*. Accordingly, a determination of Defendants' liability for state-law disability discrimination involves predominantly state-law issues. Cf. *Gibbs*, 383 U.S. at 726 (noting that where "state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals")

Finally, Plaintiff's state-law claims provide more expansive remedies than Plaintiff's ADA claim. Plaintiff seeks damages unavailable under the ADA, but available under the Unruh Civil Rights Act. Compare *Wander*, 304 F.3d at 858 (noting that damages are not available under Title III of the ADA) with CAL. CIV. CODE §52(a) (authorizing damages under the Unruh Civil Rights act).

### C. State Court Provides a More Efficient Forum for Plaintiff's State Law Claims

California Civil Code §52.2 gives the California Small Claims Court specific jurisdiction of disabled access claims under Civil Code §52 and §54.3. Additionally, California Code of Civil Procedure §1033(b) creates strong incentives for plaintiffs to file in the most economical level of California's tiered jurisdictional classifications (Small Claims [Limited Civil under $10,000], Limited Civil [under $25,000], and Unlimited Civil [over $25,000. (CAL. CODE CIV. PROC. §1033(b) (limiting or eliminating an award of costs where a lawsuit is "over-filed" and the plaintiff fails to obtain a damage award above the jurisdictional minimum). Given the existence of this "tiered" system of litigation in state court, it would likely be less costly to the parties if Plaintiff's state-law claims are litigated in state court.

### V. CONCLUSION

If this lawsuit is about removing barriers, they were removed. If it is about

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

02 - P&A ISO D's 12b     12
P&A ISO DEFENDANTS' NOTICE OF MOTION TO DISMISS

litigating state claims, the better question is perhaps whether this Plaintiff should have brought them in the first instance.

For the foregoing reasons, Defendant respectfully submits that its motion to dismiss the federal claim should be GRANTED and that this Court DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION over Plaintiff's state claims.

Dated: February 10, 2020          LAW OFFICES OF STEPHEN ABRAHAM

                                           By:   /s/ Stephen E. Abraham
                                                      Stephen E. Abraham
                                                      Attorneys for Defendant

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA 92660
(949) 878-8608

02 - P&A ISO D's 12b                    13
P&A ISO DEFENDANTS' NOTICE OF MOTION TO DISMISS

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 1592 Pegasus Street, Newport Beach, California 92660.

On February 10, 2020, I served the foregoing document described as: **DEFENDANTS' NOTICE OF MOTION AND MOTION TO (A) DISMISS FEDERAL CLAIM PURSUANT TO FRCP 12(b)(1); AND (B) TO DISMISS STATE CLAIMS PURSUANT TO FRCP 12(b)(1), 12(h)(3), and 28 USC §1367(c)** thereon on all interested parties in this action as follows:

```
CENTER FOR DISABILITY ACCESS     Representing Plaintiff
Amanda Seabock, Esq., SBN 289900
Chris Carson, Esq., SBN 280048
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com
```

[x]   **e-Filing pursuant to Court order**

Executed on February 10, 2020, at Newport Beach, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/s/ Stephen E. Abraham
Stephen E. Abraham

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA 92660
(949) 878-8608

02 - P&A ISO D's 12b

PROOF OF SERVICE